1 Mark S. Askanas (State Bar No.122745)
Steven Koyanagi (State Bar No. 269094)
2 JACKSON LEWIS LLP
50 California Street, 9th Floor
3 San Francisco, C A94111
Telephone:  (415) 394-9400
4 Facsimile:  (415) 394-9401
askanasm@jacksonlewis.com
5 steven.koyanagi@jacksonlewis.com

6 Attorneys for Defendant
G4S SECURE SOLUTIONS (USA), INC.,
7 erroneously sued herein as WACKENHUT
HOMELAND SECURITY, INC.

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10

11
VINAY SHARMA,                                    Case No.     CV 12-2960 DMR

12              Plaintiff,                        **STIPULATED PROTECTIVE ORDER
                                                 AND [~~PROPOSED~~] ORDER**
13        v.
                                                 Complaint Filed:   May 8, 2012
14 WACKENHUT HOMELAND SECURITY,                  Trial Date:        None Set
INC., and DOES 1-10, inclusive,
15
16              Defendants.

17

18

19         Plaintiff VINAY SHARMA ("Plaintiff") and Defendant G4S SECURE SOLUTIONS

20 (USA) INC. ("Defendant"), erroneously sued herein as WACKENHUT HOMELAND

21 SECURITY, INC., by and through their respective Counsel, stipulate to this Protective Order, to

22 protect private and confidential information that may be produced by the parties in response to

23 discovery requests, including subpoena(s) for documents or testimony, as may be necessary

24 during the pendency of this above-entitled litigation, and to render moot any objection to

25 discovery on the ground of privilege based on privacy, proprietary or confidential information or

26 trade secrets.   Plaintiff and Defendant are referred to collectively as the "Parties" to this

27 Stipulated Protective Order.

28

1

1

2      **1.      PURPOSES AND LIMITATIONS**

3          Disclosure and discovery activity in this action are likely to involve production of

4      confidential, proprietary, or private information for which special protection from public

5      disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

6      The parties acknowledge that this Protective Order does not confer blanket protections on all

7      disclosures or responses to discovery and that the protection it affords extends only to the limited

8      information or items that are entitled under the applicable legal principles to treatment as

9      confidential. The parties further acknowledge, as set forth in Section 10, below, that this

10     Protective Order creates no entitlement to file confidential information under seal.  Civil Local

11     Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied

12     when a party seeks permission from the court to file material under seal.

13     **2.      DEFINITIONS**

14         2.1    Party:  any party to this action, including any of its officers, directors, employees,

15     consultants, retained experts, and outside counsel (and their support staff).

16         2.2    Disclosure or Discovery Material:  all items or information, regardless of the

17     medium or manner generated, stored, or maintained (including, among other things, testimony,

18     transcripts, or tangible things) that are produced or generated in disclosures or responses to

19     discovery or otherwise provided by a party to another party in this matter.

20         2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how

21     generated, stored or maintained) or tangible things that qualify for protection under standards

22     developed under Federal Rule of Civil Procedure 26(c).  The parties agree that documents already

23     produced shall not be retrospectively designated under Section 2.3 or 2.4. Without limiting the

24     terms hereof, the parties agree that documents that could injure Defendant or violate a third

25     party's privacy interests if disseminated to the public or competitors; including personnel and

26     payroll records, Defendant's information about wages, commissions, sales productivity, personnel

27     policies and Defendant's procedures, training materials and other information; may be designated

28     as Confidential under Section 2.3.

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER                    Case No.: CV 12-2960 DMR

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.8     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel: attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this action and who is not a current employee of a Party, a past employee of any other Party, or a current employee of any other Party, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of any other Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Protective Order cover only Protected Material (as defined above), and information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, testimony referring to Protected Material, or compilations thereof.

/ / /

4.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualities for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for

4

protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party offering or sponsoring the witness presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER          Case No.: CV 12-2960 DMR

5.3   <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in writing or voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>: Pursuant to Magistrate Judge Ryu's standing order, if disagreements remain after the parties meet and confer, the parties shall file a joint letter no later than five (5) business days after the meet and confer session.  Lead trial counsel for both parties must sign the letter, which shall include attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue.

The joint letter shall not exceed ten (10) pages without leave of Court. In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed four (4) pages, which shall include an explanation of why a joint letter was not possible. When appropriate, the parties may submit one exhibit to the letter that sets forth each issue in full, followed immediately by the objections and/or responses thereto. No other information shall be included in any such exhibit. No other exhibits shall be submitted without prior approval by the Court. The Court will review the submission(s) and determine whether formal briefing or proceedings are necessary.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, any Designating and Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party or its officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order':" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)      during their depositions, witnesses in the action. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author and/or any identified recipient of the document and/or the original source of the information.

(h)      any person to whom the Designating Party has ever disclosed the document and/or information designated Confidential.

## 8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event within a reasonable amount of time to permit the Designating Party to raise objections to any production of such information after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

8

confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in Writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action, including records filed or lodged in connection with discovery motions, any Protected Material. A Party who seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.   Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.   A Receiving Party's request to file Protected Material under seal shall not be construed as an admission on the part of the Receiving Party that any of the material which is the subject of the request is in fact privileged, confidential or otherwise entitled to protection.   If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

The parties expressly agree that lodging or filing of Protected Material with the Court not under seal shall not be deemed or constitute a waiver of confidentiality under the terms of this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER          Case No.: CV 12-2960 DMR

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this litigation, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

12.1    Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections: By stipulating to the entry of this Stipulation Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Amendments: This Protective Order may only be amended by written agreement of the Parties in the form of a written stipulation.

12.4    Effective Date: This Protective Order shall be effective immediately upon execution by all Parties.

**IT IS SO STIPULATED**.

Dated: 10/26/2012                              /s/ Kathleen A. McCormac
                                               Kathleen A. McCormac
                                               Valerie R. Perdue
                                               McCormac & Associates
                                               Attorney for Plaintiff VINAY SHARMA


Dated: 10/26/2012                              /s/ Mark Askanas
                                               Mark S. Askanas
                                               Steven Koyanagi
                                               Attorneys for Defendant
                                               G4S SECURE SOLUTIONS (USA), INC.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: Oct. 26, 2012

HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED

Judge Donna M. Ryu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER          Case No.: CV 12-2960 DMR

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the HONORABLE DONNA M. RYU for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, on [date] in the case of *Sharma v. Wackenhut Homeland Security, Inc.* (Case No. CV 12-2960 DMR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                     [signature]

4833-0870-0433, v. 1

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER            Case No.: CV 12-2960 DMR